# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NINA S. GRIFFIN,  )
                    Plaintiff,  )  Case No.: 2:11-cv-00953-GMN-LRL
    vs.  )
                                )  **ORDER**
COUNTRYWIDE HOME LOAN  )
SERVICING, et al.,  )
                    Defendants.  )

Pending before the Court is Plaintiff Nina S. Griffin's ("Plaintiff") Motion to Remand (ECF No. 12).  For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 12) will be DENIED.

**I.  BACKGROUND**

Plaintiff initially filed this lawsuit in state court seeking quiet title to the real property located at 5222 Rock Cabin Court, North Las Vegas, NV 89031 and attributing a number of wrongful foreclosure practices to Defendants.  Defendants subsequently removed the lawsuit to this court based on diversity *and* federal question jurisdiction.

Plaintiff now seeks to remand the case, arguing that federal question jurisdiction does not exist but ignoring Defendants' contention with regard to diversity jurisdiction.

**II.  DISCUSSION**

A civil action brought in a state court may be removed by the defendant to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).  But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331,

or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant has the burden of establishing that removal is proper. *Id.*

Plaintiff's Motion only attacks Defendants' assertion that removal was proper because this Court has federal question jurisdiction over Plaintiff's lawsuit. Plaintiff does not address the alternate ground that Defendants set forth for this Court to have subject matter jurisdiction: namely, that the Court has diversity jurisdiction.

Here, Defendants have demonstrated that Plaintiff is a Nevada citizen and that Defendants are all citizens of states other than Nevada. (*See* Am. Pet. For Removal ¶¶ 6-15, ECF No. 6.) Plaintiff's Motion to Remand does not contest this complete diversity. Defendants have also shown that, because the trustee's sale that Plaintiff wishes to set aside generated revenues of $258,432.59, the amount in controversy exceeds $75,000.00. (*See* Am. Pet. For Removal ¶ 16, ECF No. 6.) Plaintiff's Motion to Remand does not contest this showing, either. Thus, Defendants have shown--without objection from Plaintiff--that the prerequisites for diversity jurisdiction exist in this case. The Court accepts this showing and finds that Defendants have met their burden of establishing diversity jurisdiction. Because diversity jurisdiction is an independent ground upon which a federal court may base its subject matter jurisdiction, the Court need not address Plaintiff's argument that she did not raise a federal question in her Complaint.

In her Motion to Remand, Plaintiff also makes vague allegations about how "Defendant's failure to join in or consent to removal jurisdiction renders the Notice of Removal procedurally defective." (Mot. 7, ECF No. 7:20-21.) It is not clear which Defendant Plaintiff is referring to in this statement, but one thing is clear: the only Defendant that had been properly served at the

time this case was removed--Mortgage Electronic Registration Systems, Inc., (*see* Pet. For Removal 2 ¶ 3, ECF No. 1)--was among the parties that initially removed this action, and it did so through its own counsel.  Because only properly joined and served Defendants need to join in the petition for removal, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988), and because the only party that appears to have been properly served here *did* join in the petition, removal was procedurally proper.  Accordingly, Plaintiff's Motion will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is **DENIED**.

**DATED** this 5th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge