Nina S. Griffin
5222 Rock Cabin Court
North Las Vegas, NV 89031
ninasgriffin@netzero.net
PLAINTIFF: *IN PRO SE*

2012 MAR 12 A 10: 25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Nina S. Griffin, an individual, <br><br> Plaintiff <br><br> vs. <br><br> COUNTRYWIDE HOME LOAN SERVICING, LP et al. AND DOES Individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; <br><br> Defendants. | CASE No.: 2:11-cv-00953-GMN-GWF <br><br> PLAINTIFF'S MOTION FOR DECLARATORY RELIEF TO DETERMINE DEFENDANT'S TRUE STANDING TO COLLECT, CALCULATIONS OF PAYMENTS DEMANDED BY DEFENDANTS PURSUANT TO NOTICE OF DEFAULT <br><br> [Proposed Order, Memorandum & Affidavit in Support Herein] |

Plaintiff Nina S. Griffin, *in proper person,* makes this motion for declaratory relief to determine if the *variable* numerical/monetary figures for required payments entered pursuant to statements (see attached Exhibit "A") alleging "standing" to collect and "Notice" default to the subject loan as claimed by the Defendants. Plaintiff's seeks to remedy and mitigate mortgage loan default and seeks to properly address the alleged NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST and establish true and correct "holder in due course" in doing so.

[T]he Plaintiff respectfully submits that the declaratory determination as to whether the (County) tax status, escrow payment amounts, alleged fees and costs as accessed, insurance premium costs, reserves of and concerning Plaintiff's Loan Account No. 96195489 can be justified and that the "Trust" holding Plaintiff's loan is in good standing and in compliance with necessary filing requirements having been met timely and in compliance with 26 USC §856. Plaintiffs moves the court for a declaratory relief "on the record" submission by Defendants herein, their agents and subsidiaries, to remedy "NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST" in good faith while seeking to avoid unreasonable and unnecessary wading through a marsh of assertions of the Defendant parties crafty and nebulous demands requiring the tender of unverified, unaccounted for, and erroneous payments, and whereby the defendants openly acknowledge "RECONTRUST COMPANY" "is neither the original

beneficiary of the Deed of Trust ("DOT") nor the loan servicer of Plaintiff's loan. (See attached Exhibit "A").

## DOCUMENTATION RELIED UPON FOR THIS MOTION

1. **Exhibit "A"-** NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST "RECONTRUST COMPANY" is neither the original beneficiary of the Deed of Trust ("DOT") nor the loan servicer of Plaintiff's loan.
2. Memorandum of Points and Authorities
3. Plaintiff's Affidavit In Support filed congruently with this Motion.
4. Plaintiff's pleadings, public record, papers as filed herein, and as discoverable upon further procedure.

## ARGUMENT

WHEREAS, the Plaintiff has made numerous requests outside of litigation only to result in having to file her lawsuit and/or defend a wrongful unlawful detainer action when and how she has in efforts to keep her home while exercising of good faith in dealing with the Defendant parties. With the exception of zealous exercise of foreclosure and/or eviction, the Defendants have been non responsive, and nebulous at best with *any* communication to the Plaintiff. Thus Plaintiff is compelled to file this motion with the Court and states as follows:

1. There is no evidence that the numerical/monetary figures entered on the NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST are the sums that would be due on the obligation secured by the Deed of Trust if the Deed of Trust was not being foreclosed pursuant to NRS 107.080 et seq. by proper parties.
2. There is no evidence that the various payment amounts of alleged as "due" by the Defendants is not obtained from the Defendant's uncertified accounting referenced in statements sent to the Plaintiff are not solely based upon an alleged default emanated from an unknown origin or absence of "true" verification.
3. In fact, there is no evidence that the Plaintiff's Note and Deed of Trust was ever transferred to Defendants herein and related TRUSTS/ REMIC pursuant to 26 USC § 856 as can only be evidenced by the required tax returns and statement.
4. Additionally, going by the Defendant's notices and statements; there is no evidence the Trust agreement (PSA) authorized the alleged Trustee to acquire defaulted loans and place them in the Trust asset pool; and, even if the Trust agreement (PSA) does allow the acquisition of defaulted loans the IRS tax code for a REMIC does not.

MOTION FOR DECLARATORY JUDGEMENT

2

5. Even if the Defendants herein alleged loan was transferred to the pertinent LOAN TRUST, there is no evidence that the Trust elected to foreclose on the Plaintiff's purported Note and Deed of Trust pursuant to 26 USC § 856 in the form of the required tax returns and statement.

6. Therefore there is no evidence that the Pooling and Servicing Agreement which is the agreement that created the Trust, which the Defendants rely upon, restrains the Trustee from taking actions that jeopardize the REMIC exempt status of the Trust and therefore validating the "true lawful ability" for the Defendants to negotiate collection or remedy alleged default of the Plaintiff's subject Mortgage.

7. There is no evidence the failure of Trust to make the required tax returns and statements would not jeopardize the REMIC exempt status of the Trust.

8. There is no evidence that the entire alleged loan transaction was not a prohibited transaction pursuant to 12 USC § 5301 (P.L. 111-203), actually being an undisclosed investment contract disguised to appear as a loan contract.

9. There is no evidence that the beneficiaries, even third party beneficiaries, to the Trust would not be liable for a 100% tax on the Trust if the REMIC exempt status is jeopardized by the alleged Trustee Defendant in this case.

10. There is no evidence that the Defendants are not a third party beneficiaries to the Trust.

11. There is no evidence that the Plaintiff's payments in "any " amounts pursuant to the alleged loan would not result in subject property to seizure for designated TRUST delinquent taxes and/or penalties caused by the Defendants actions which jeopardized the REMIC exempt status of the Trust.

12. It is the Defendants who are making the underlying claim upon the Plaintiff's estate and there is no evidence the Defendants paid the tax or posted a bond to preserve the Trust's REMIC exempt status.

13. That upon information and belief, and Pursuant the Defendants demand for payment by Plaintiff, the compliance of Plaintiff in tender of such payments, and admittedly by Defendants own documentation (Exhibit "A") that; "RECONTRUST COMPANY" is neither the original beneficiary of the Deed of Trust ("DOT") nor the loan servicer of Plaintiff's loan." Reasonable doubt exists that the funds remitted to Defendant parties are not properly calculated and applied to proper accounts, parties, and holders in due course of the subject note.

THEREFORE, Plaintiff respectfully assert their right to request declaratory judgment pursuant to 28 USC § 2201 and FRCP 57, FRCP 17 et seq. and request the certification of the sums due and certification of the tax status of the subject LOAN TRUST upon which they rely pursuant to 12 USC § 5301 (P.L. 111-203) before the Plaintiff is required to further tender of payment. Plaintiff respectfully requests this Honorable Court grant the Plaintiff's motion for a declaratory judgment:

A. To the certified accuracy and correctness of the numerical/monetary figures entered on all pertinent accounts, concerning the alleged NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST as the sums that would be due on the obligation secured by the deed of trust if the deed trust was not being foreclosed pursuant to NRS 107.080- et seq.

B. To certify that the Plaintiff's Note and Deed of Trust were transferred to the proper Loan TRUST and asset pool as evidenced by tax returns and statements filed pursuant to 26 USC § 856.

C. To certify that the subject TRUST elected to liquidate/foreclose of the Plaintiff's Note and Deed of Trust from the Trust asset pool as evidenced by tax returns and statements filed pursuant to 26 USC § 856.

D. Validation of lawful collection and notice procedures whereby all monies tendered by Plaintiff on behalf of good faith and cause to remedy alleged NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST as will be lawfully credited to the benefit of the Plaintiff's account and to preserve and protect Plaintiff from unilateral foreclosure by Defendants after tender of such payments as agreed upon.

E. Verification and court decreed true holders in due course of the Plaintiff's subject mortgage.

F. Order of "cease and desist" to Defendant parties as to their representation within passive aggressive conduct of misrepresentation in correspondences and communications with Plaintiff.

G. For declaratory relief of the forgoing and enforcement of "preciseness" under UCC and statutory rights and due processes.

Dated this 12th day of March, 2012.   RESPECTFULLY SUBMITTED BY

Signature: _____
Nina S. Griffin
5222 Rock Cabin Court
North Las Vegas, NV 89031
(702) 219-6882
ninasgriffin@netzero.net
PLAINTIFF: *IN PRO SE*

# SUPPORTING AUTHORITY

## I. DECLARATORY RELIEF – GENERALLY

### A. Declaratory Judgment Act

"….any court of the United States…..may declare the rights and other such legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC §220

**(1). Federal Rule:**

" the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FRCP 57

### B. Nature of the Action

Declaratory relief is an equitable remedy. Its distinctive characteristic is that it allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen: "In effect, it brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981) 655 F.2d 938, 943 ; see also *Dickinson v. Indiana State Election Board* (7th Cir. 1991) 933 F.2d 497

### C. Purposes and Interests of Judicial Efficiency

- "intended to fix problem that arises when other side does not sue" *Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.* (Fed Cir. 2007) 497 F3d 1271, 1284
- It permits parties of uncertain of their obligations to avoid incurring liability for damages by obtaining a declaratory judgment in advance of performance *Societe de Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981) 655 F.2d 938, 943
- It prevents avoidable damages from being incurred by a person who is not sure of his or her rights" and affords him (or her) an early adjudication of his (or her) rights without waiting until his (or her) adversary takes injurious action against him (or her)." *Heimann v. National Elevator Industry Pension Fund* ( 5th Cir. 1999) 187 F3d 493, 5111
- It promotes judicial efficiency by avoiding multiplicity of actions between the parties *Societe de Conditionnement v. Hunter Eng. Co., Inc.* (9th Cir. 1981) supra 655 F.2d at 943
- Effective alternative to injunctive relief, available on a lesser showing. Irreparable injury is not a necessary showing for a declaratory judgment. *Teirney v. Schweiker* (DC Cir. 1983) 718 F2d 449, 457; see *Feldman v. Bomar* (9th Cir.2008) 518 f3d 637, 642-643— although case moot for injunctive relief, declaratory relief available if harm continues.

Here the Plaintiff request the court pursuant to the necessary purposes of "Declaratory Relief" as it pertains to the case herein, and also has met the general requirements to initiate such motion as; 1) True controversy exists between the parties; 2) regarding a matter within Federal Court jurisdiction. *Calderon v. Ashmus* (1998) 523 US 740, 745, 118 S. Ct. 1694, 1698. The controversy here, while not resolving all issues at bar, it is, in and of itself an autonomous dispute that declaratory judgment can remedy. *Harris v. United States Fid. & Guar. Co.* (5th Cir. 1978) 569 F2d 850, 852 ; see *Allstate Ins. Co. v. Davis* (D HI 2006)430 F.Supp.2d 1112. 1122 the determination by court will completely resolve the "concrete controversy". *Calderon v. Ashmus* (1998) 523 US 740, 745, 118 S. Ct. 1694, 1698

The less than precise and *"injurious"* demands of the Defendant parties herein pertaining to the wrongful foreclosure and wrongful unlawful detainer are more than just an *"inconvenience"* to the Plaintiff. It is necessary to preserve the fair dealing and interest to the mutual benefit of the parties to declare and verify Defendants lawful standing upon which Defendants rely as to be entitled to make such demands upon the Plaintiff.

The Plaintiff as conducting good faith participation to address remedy to such NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST is simply met with *"statements and communications" "incorrectly understated"* (or over stated) but never the less and more importantly readily admitted by the Defendants parties as *NOT precise*.

"The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FRCP 57; see *Teirney v. Schweiker* (DC Cir. 1983) 718 F2d 449, 457 The Declaratory relief may also be granted *in addition* to other remedies. USC §2201

II. **THE COURT HAS THE DISCRETION**

A. **Where Diversity Jurisdiction Applies**

Where diversity jurisdiction exists, the district court has discretion to hear a declaratory judgment action. *Avemco Ins. Co. v. Davenport* (9th Cir. 1998) 140 F3d 839, 842

B. **Ripeness Requirement Is Met**

A declaratory motion must be ripe for judicial determination. Here the present case brings a controversy that exists between the parties having adverse legal interests. The issuance of a declaratory judgment in this matter at this time is but for the *"sufficient immediacy and reality"* *City of Colton v. American Promotional Events, Inc. West* (9th Cir.2010) 614 F3d 998, 1004-1005 As <u>substantial</u> controversy exists in that the parties are within *ongoing commerce* that in the event of being erroneously applied and unregulated, title to the subject property may be wrongfully conveyed resulting in the Plaintiff's unnecessary loss of the subject home when in efforts to engage

MOTION FOR DECLARATORY JUDGEMENT

the Defendant parties in good faith to remedy the alleged notice of default.

### III. CONCLUSION

Declaratory relief is appropriate when the judgment will:
i. serve as a useful purpose in clarifying and settling the legal relations in issue; and
ii. -terminate and afford relief from uncertainty, insecurity and controversy giving rise to proceeding."
*Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.* (5th Cir. 1993) 986 F2d 1463, 1471 ; *Eureka Fed. Sav. & Loan Ass'n v. American Cas. Co.* (9th Cir.1989) 873 F2d 229, 231

Here, both prongs of the test are met and this Plaintiff herein contends as presented, "the action *must* be entertained. *Continental Gas .Co. v. Coastal Sav. Bank* (2nd Cir. 1992) 977 F2d 734, 737

WHEREFORE, the Plaintiff respectfully request relief from the court in granting the herein; "Plaintiff's *Motion For Declaratory Relief To Determine Defendant's True Standing To Collect, Calculations Of Payments Demanded By Defendants To Notice Of Default*".

DATED: this 12th day of March, 2012.

BY: _____
Nina S. Griffin
5222 Rock Cabin Court
North Las Vegas, NV 89031
(702) 219-6882
ninasgriffin@netzero.net
PLAINTIFF: *IN PRO SE*

## PLAINTIFF'S EMERGENCY AFFIDAVIT IN SUPPORT

STATE OF NEVADA        )
                       ) ss:
COUNTY OF CLARK        )

Nina S. Griffin, being first duly sworn upon oath, deposes and says:

1. I am the Plaintiff in the above-entitled action; that I have read the above and *"PLAINTIFF'S MOTION FOR DECLARATORY RELIEF TO DETERMINE DEFENDANT'S TRUE STANDING TO COLLECT, CALCULATIONS OF PAYMENTS DEMANDED BY DEFENDANTS PURSUANT TO NOTICE OF DEFAULT "*, and knows the contents thereof and that the same is true and correct except for those matters alleged upon information and belief, and as to those matters, I believe them to be true and can attest accordingly when called upon to do so.

2. I filed the complaint in this matter in District Court, Clark County, Nevada and Defendant subsequently removed to Federal Court on or about June 10, 2011.

3. I have made attempts in good faith and for good cause to correspond an investigate agreements and correspondence and notices as alleged by the Defendant parties only to result in Defendants own admission; "RECONTRUST COMPANY" is neither the original beneficiary of the Deed of Trust ("DOT") nor the loan servicer of my loan leading to more confusion in efforts to remedy the foreclosure process on my home. (See Exhibit 'A")

4. Upon information and belief, Defendants are NOT crediting the proper accounts, alleged Loan Trust, nor have "true authority and standing" to lawfully collect, negotiate, the issues concerning the subject loan as Defendants allege.

5. Plaintiff prays for and seeks Declaratory Relief from the Court herein to enforce and establish verification of proper and lawful standing of parties and holders in due course entitled to receive (and which have received) such payments in order to protect the Plaintiff from unlawful sale and conveyance of title and the rights to title thereto of the subject property and the preservation of such interests pursuant in remedy thereto the Defendant's alleged NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST and alleged capacity to enforce such.

MOTION FOR DECLARATORY JUDGEMENT

6. Affiant herein, denies the default on the subject loan, denies default is lawfully valid, and verified, and therefore denies that default can lawfully be proven by present Defendant parties.

7. Upon information and belief, Affiant herein, relies on the Defendants compliance with NRS 107.080 to move when and how they have as "true" party pursuant to Plaintiff's subject mortgage and court declaration for such capacity.

8. Affiant herein, claims right to challenge the Defendants' alleged beneficiary standing to allege and collect under the alleged default.

9. Upon information and belief, Defendant presents no evidence of lawful standing as true party of interest as holder in due course to collect, demand, modify or negotiate, moreover, and much less foreclose on the Plaintiff's subject mortgage loan.

10. Plaintiff asks the court to weigh ALL pertinent issues as to the proper Declaratory Relief of the matters as pled herein.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Nina S. Griffin, *IN PRO SE*

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

## VERIFICATION

Before me a notary public in and for the County of Clark, State of Nevada personally appeared:

Nina S. Griffin who upon satisfactory proof shown to me established that she was the party who signed the foregoing *PLAINTIFF'S MOTION FOR DECLARATORY RELIEF TO DETERMINE DEFENDANT'S TRUE STANDING TO COLLECT, CALCULATIONS OF PAYMENTS DEMANDED BY DEFENDANTS TO NOTICE OF DEFAULT*

Subscribed and sworn to before me this 12th day of March, 2012.

Signed: [signature]   Seal: [notary seal: NOTARY PUBLIC JENNIFER D. ALVARADO, STATE OF NEVADA - COUNTY OF CLARK, No: 11-4878-1]

NOTARY PUBLIC in and for the County of Clark, State of Nevada.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Nina S. Griffin, an individual,

   Plaintiff(s)

vs.

COUNTRYWIDE HOME LOAN SERVICING, LP et al. AND DOES Individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive;

   Defendants.

CASE No.: 2:11-cv-00953-GMN-GWF

[PROPOSED]
**ORDER**

THIS MATTER CAME ON FOR HEARING UPON;

*PLAINTIFF* [Nina S. Griffin] *MOTION FOR DECLARATORY RELIEF TO DETERMINE DEFENDANT'S TRUE STANDING TO COLLECT, CALCULATIONS OF PAYMENTS DEMANDED BY DEFENDANTS PURSUANT NOTICE OF DEFAULT* is collected and set forth pursuant to contract with verified and lawful standing to be executed upon the proper parties as charged.

The court having reviewed the Plaintiff's pleadings, motion, and memorandum in support therein, so ORDERS the Plaintiff's Emergency Motion for Declaratory Judgment is granted.

The court notes the Motion for said Declaratory Judgment for the _____ day of _____, 2012.

IT IS HEREBY DECLARED: Defendants will provide documents supporting *valid and justifiable* conduct and capacity to allege accounting to their calculations for the demand to the Plaintiff for payments in order to sustain the Plaintiff's loan foreclosure pursuant to agreements as originally entered into by Plaintiff and Defendant parties in remedy to the Defendant's "NOTICE OF DEFAULT OF ELECTION UNDER DEED OF TRUST" on Plaintiff's property.

IT IS HEREBY DECLARED: Defendants will honor the early settlement offer, cease and desist with erroneous calculations, nebulous correspondence and the exercise of unilateral parallel foreclosure and eviction tactics throughout the pendency of the early settlement offer, and good faith performance by Plaintiff and Defendant parties consistent with terms and conditions as set forth and assigned to the parties to be charged under such agreement.

IT IS HEREBY DECLARED: The Defendant parties will evidence themselves as "true Parties and holders in due course with standing to lawfully collect tender of payment, account for tendered payments, and apply proper credit accordingly as set forth by the early settlement offer as matter of law governing such agreement.

IT IS HEREBY DECLARED, ORDERED AND DECREED:_____

_____

_____

DATED this _____ day of _____ 2012.

_____
United States District Court Judge

# CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing;

"*PLAINTIFF'S MOTION FOR DECLARATORY RELIEF TO DETERMINE DEFENDANT'S TRUE STANDING TO COLLECT, CALCULATIONS OF PAYMENTS AS DEMANDED BY DEFENDANTS PURSUANT TO NOTICE OF DEFAULT*
" was made on the _____ day of March, 2012 by depositing a copy for mailing, first class mail, postage prepaid at Las Vegas, Nevada to the following:

ARIEL E. STERN, ESQ.
AKERMAN SENTERFITT LLP
1160 Town Center Drive
Suite 330
Las Vegas, NV 89144


DIANA S. ERB, ESQ.
AKERMAN SENTERFITT LLP
1160 Town Center Drive
Suite 330
Las Vegas, NV 89144


BY [signature: Jimmy L. Banks]
Uninterested party to the matter herein.

MOTION FOR DECLARATORY JUDGEMENT

13

NOTICE OF BREACH AND DEFAULT OF ELECTION TO CAUSE SALE OF REAL PROPERTY
UNDER DEED OF TRUST

# EXHIBIT A

```
20080925-0003114
```
Fee: $15.00     RPTT: $0.00
N/C Fee: $0.00
09/25/2008      12:05:57
T20080223314
Requestor:
  FIRST AMERICAN NATIONAL DEFA
Debbie Conway        AEA
Clark County Recorder    Pgs: 2

RECORDING REQUESTED BY:
WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
2380 Performance Dr, RGV-D7-450
Richardson, TX  75082
Attn: Crystal Taylor
TS No. 08-0059800
Title Order No. 3761058

APN No. 124-31-224-035

---

## NEVADA IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, is the duly appointed Trustee under a Deed of Trust dated 03/14/2005, executed by NINA S GRIFFIN, AN UNMARRIED WOMAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 03/22/2005, as Instrument No. 0002992 (or Book 20050322, Page ) of Official Records in the Office of the County Recorder of Clark County, Nevada.   Said obligation including ONE NOTE FOR THE ORIGINAL sum of $256,000.00.  That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :

FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 06/01/2008 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY a written Declaration of Default and Demand for sale, and has deposited with RECONTRUST COMPANY such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

### NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed Of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occured. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may there after be sold. The Trustor may have the right to bring court action to assert the non existence of a default or any other defense of Trustor to acceleration and sale.

To determine if reinstatement is possible and the amount, if any, to cure the default, contact: Countrywide Home Loans, Inc, c/o RECONTRUST COMPANY, 2380 Performance Dr, RGV-D7-450, Richardson, TX 75082, PHONE: (800) 281-8219

DATED: 9/25/2008

RECONTRUST COMPANY, as agent for the Beneficiary
By: FIRST AMERICAN TITLE, as Agent
BY: _____
KAREN MERKEL

State of: California )
County of: Contra Costa )
On 9/25/2008 before me _____ LINDA S. DERNONCOURT _____, notary public, personally appeared KAREN MERKEL, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

LINDA S. DERNONCOURT
COMM. #1517788
NOTARY PUBLIC - CALIFORNIA
CONTRA COSTA COUNTY
My Comm. Expires Oct 4, 2008

*Form nvnodfax (03/01)*