UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NINA S. GRIFFIN,<br><br>          Plaintiff,<br>  vs.<br><br>COUNTRYWIDE HOME LOAN SERVICING, LP, et al.,<br><br>          Defendants. | Case No.: 2:11-cv-00953-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion for Preliminary Injunction (ECF No. 16) filed by Plaintiff Nina Griffin.  Also before the Court is the Motion to Dismiss (ECF No. 19) filed by Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP ("BANA"); Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc., a subsidiary of Merscorp, Inc. ("MERS"); Recontrust Company, N.A., and Recontrust Company ("ReconTrust") (collectively "Defendants").

**I.    BACKGROUND**

Plaintiff originally filed her Complaint (ECF No. 1-1) in state court involving Defendants' foreclosure actions relating to the property at 5222 Rock Cabin Court, North Las Vegas, NV 89031.  Plaintiff also filed the Motion for Preliminary Injunction (ECF No. 16) in state court.  After the case was removed to this Court, Plaintiff filed an Amended Complaint (ECF No. 24) on September 7, 2011 and did not re-file her motion for preliminary injunction to address the Amended Complaint.  Defendants subsequently filed a Motion to Dismiss (ECF No. 28) the Amended Complaint.

In her motion seeking preliminary injunction, Plaintiff requests that the Court issue an injunction allowing Plaintiff to stay in her property and prohibiting Defendants or any other

party "from foreclosing, and/or pursuing any foreclosure action, taking possession of, selling the home to third parties, ejecting the Plaintiff or in any other manner interfering with the peaceful enjoyment and possession, and that no bonds be required of the Plaintiff because no damages are ascertainable to the Defendants." (Mot. for Prelim. Inj., 3:14-23, ECF No. 16.)

As a basis for this motion, Plaintiff alleges a variation of the argument that securitization of the loan note absolves her of her obligations under the loan.

## II.  LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Furthermore, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  And finally, "[i]n deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

## III.  DISCUSSION

Here, Plaintiff's motion for preliminary injunction fails in that she cannot show that she is likely to succeed on the merits, nor has she shown that there are serious questions going to the merits.  Although Plaintiff does show that she may suffer serious hardships and even irreparable harm if Defendants are not enjoined from pursuing foreclosure actions, she does not show that Defendants would not suffer hardships as well.  The Court finds that the balance of

equities does not tip sharply towards the Plaintiff because Defendants would also suffer harm if enjoined from exercising any rights they may have relating to the property.  Likewise, the Court does not find that an injunction in this case is in the public interest.

Also, the Court finds that since Plaintiff filed her Amended Complaint (ECF no. 24) after Defendants filed their first Motion to Dismiss (ECF No. 19), the Motion to Dismiss is moot, and will be denied accordingly.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 19) is **DENIED as moot.**

**DATED** this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge