UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NINA S. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:11-cv-00953-GMN-PAL |
| ) | |
| COUNTRYWIDE HOME LOAN ) | ORDER |
| SERVICING, LP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a mortgage foreclosure case filed by *pro se* Plaintiff Nina S. Griffin against Defendants The First American Corporation, Countrywide Home Loan Servicing, LP ("Countrywide"), Federal National Mortgage Association ("FannieMae"), MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, ReconTrust Company, N.A. ("ReconTrust") (collectively, "Defendants").

Pending before the Court is the Motion to Dismiss (ECF No. 28) filed by Defendants Countrywide, FannieMae, MERSCORP, MERS, ReconTrust Company, and ReconTrust (collectively, "Moving Defendants"). Also before the Court is Plaintiff's Motion for Declaratory Relief (ECF No. 43) and Motion to Vacate (ECF No. 54) and Amended Memorandum of Points and Authorities in Support of Motion to Vacate Order (ECF No. 58).

I.      **BACKGROUND**

In 2005, Plaintiff executed a loan Note and Deed of Trust on her property located at 5222 Rock Cabin Court, North Las Vegas, Nevada 89031 ("the property"). Plaintiff subsequently defaulted on her mortgage payments.

Plaintiff has filed suit relating to the same property and foreclosure proceedings twice

previously. Plaintiff first filed suit against FannieMae and Countrywide relating to the same property and foreclosure proceedings. *See Griffin v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01034-PMP-RJJ (D. Nev. 2009). Plaintiff subsequently filed suit against The First American Corporation, Countrywide, FannieMae, MERSCORP, MERS, ReconTrust Company, ReconTrust, BAC Home Loan Servicing, LP, Shalom Rubanowitz, Jessica Jassco, and Countrywide Home Loans, Inc. Homeownership Preservation Division. *See Griffin v. Countrywide Home Loans Inc.*, No. 2:09-cv-02384-PMP-LRL (D. Nev. 2010). The first action was dismissed with prejudice. In the second action, the federal court dismissed all federal claims that were barred by the doctrine of res judicata and remanded the remaining claims to state court. The state court also dismissed the complaint with prejudice, including in its order an admonishment to Plaintiff that if "she attempts to re-file claims that are barred by *Res Judicata*, the Court will consider awarding reasonable attorney's fees and costs against Plaintiff." (Ex. F to Defs.' Second Mot. to Dismiss, ECF No. 28-6.)

In the instant action, originally filed in state court and removed to this Court on June 10, 2011, Plaintiff has filed suit a third time relating to the same property and foreclosure proceedings. Plaintiff filed her Amended Complaint ("Complaint") before this Court on September 7, 2011. (ECF No. 24.) In the Complaint, Plaintiff alleges ten causes of action: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure; (6) broken chain of custody; (7) wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; and (10) violations of NRS 205.090.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to

1  amend. The court should "freely give" leave to amend when there is no "undue delay, bad
2  faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by
3  virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*
4  *v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear
5  that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*
6  *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

7  **III.   DISCUSSION**

8      In Nevada, claim preclusion applies to all grounds of recovery that were or could have
9  been brought in the first case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).
10 A three-part test is used to determine whether the rule of claim preclusion should apply: (1) the
11 parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action
12 is based on the same claims or any part of them that were or could have been brought in the first
13 case. *Id.*

14     Here, the Court finds that Plaintiff's claims are barred by the doctrine of res judicata and
15 claim preclusion and must therefore be dismissed with prejudice. The Court finds that the final
16 judgments in the previous actions are valid. The parties in this suit are exactly the same as those
17 parties in Plaintiff's first and second actions. Also, the claims in those actions all derive from
18 the same set of facts, the same documents, the same property and the same foreclosure
19 proceedings as the instant action. Therefore, this action is based on the same claims or any part
20 of them that were or could have been brought in the previous actions. Accordingly, the Court
21 must dismiss Plaintiff's Complaint with prejudice.

22     For the reasons discussed above, the Court finds that Plaintiff's Motion for Declaratory
23 Relief (ECF No. 43) lacks merit and will be denied. Likewise, Plaintiff's Motion to Vacate
24 (ECF No. 54) and Amended Memorandum of Points and Authorities in Support of Motion to
25 Vacate Order (ECF No. 58) will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Moving Defendants' Motion to Dismiss (ECF No. 28) is **GRANTED**.  The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Relief (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate (ECF No. 54) and Amended Memorandum of Points and Authorities in Support of Motion to Vacate Order (ECF No. 58) is **DENIED**.

**DATED** this 5th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge