UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NINA S. GRIFFIN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> COUNTRYWIDE HOME LOAN ) <br> SERVICING, LP, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:11-cv-00953-GMN-PAL <br><br> **ORDER** |

This is a mortgage foreclosure case filed by *pro se* Plaintiff Nina S. Griffin against Defendants The First American Corporation, Countrywide Home Loan Servicing, LP ("Countrywide"), Federal National Mortgage Association ("Fannie Mae"), MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, ReconTrust Company, N.A. ("ReconTrust") (collectively, "Defendants"). The case was closed and judgment was entered on June 5, 2012. (ECF No. 60.)

Pending before the Court are seven motions filed by Plaintiff and Defendants after the case was closed: (1) Motion to Reconsider – Plaintiff (ECF No. 61); (2) Counter-motion for Attorney Fees – Defendant The First American Corporation (ECF No. 63); (3) Motion to Extend Time – Plaintiff (ECF No. 69); (4) Motion to Strike – Plaintiff (ECF No. 73); (5) Motion for Order to Show Cause – Plaintiff (ECF No. 76); (6) Motion to Strike – Defendants Countrywide, Fannie Mae, MERSCORP, MERS, and ReconTrust (ECF No. 78); and (7) Supplemental Request for Judicial Notice – Plaintiff (ECF No. 82). Each motion is either fully briefed or the response and other briefing deadlines have all expired.

**I. BACKGROUND**

In 2005, Plaintiff executed a loan Note and Deed of Trust on her property located at 5222 Rock Cabin Court, North Las Vegas, Nevada 89031 ("the property"). Plaintiff subsequently defaulted on her mortgage payments.

Plaintiff filed suit relating to the same property and foreclosure proceedings twice previously. Plaintiff first filed suit against Fannie Mae and Countrywide. *See Griffin v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01034-PMP-RJJ (D. Nev. 2009). Plaintiff subsequently filed suit against The First American Corporation, Countrywide, Fannie Mae, MERSCORP, MERS, ReconTrust Company, ReconTrust, BAC Home Loan Servicing, LP, Shalom Rubanowitz, Jessica Jassco, and Countrywide Home Loans, Inc. Homeownership Preservation Division. *See Griffin v. Countrywide Home Loans Inc.*, No. 2:09-cv-02384-PMP-LRL (D. Nev. 2010). The first action was dismissed with prejudice. In the second action, the federal court dismissed all federal claims that were barred by the doctrine of res judicata and remanded the remaining claims to state court. The state court also dismissed the complaint with prejudice, including in its order an admonishment to Plaintiff that if "she attempts to re-file claims that are barred by *Res Judicata*, the Court will consider awarding reasonable attorney's fees and costs against Plaintiff." (Ex. F to Defs.' Second Mot. to Dismiss, ECF No. 28-6.)

In the instant action, originally filed in state court and removed to this Court on June 10, 2011, Plaintiff filed suit a third time relating to the same property and foreclosure proceedings. Plaintiff filed her Amended Complaint ("Complaint") before this Court on September 7, 2011, alleging ten causes of action: (1) quiet title; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit wrongful conversion; (5) statutorily defective foreclosure; (6) broken chain of custody; (7)

wrongful filing of unlawful detainer; (8) injunctive relief; (9) declaratory relief; and (10) violations of NRS 205.090. (ECF No. 24.)

On June 5, 2012, the Court granted Defendants' motion to dismiss and dismissed Plaintiff's complaint. (ECF No. 59.)  The same day, the Clerk of the Court entered judgment accordingly. (ECF No. 60.)  The following week Plaintiff initiated the instant series of motions before the Court with her Motion to Reconsider (ECF No. 61).

## II. DISCUSSION

Plaintiff requests reconsideration of the Court's Order (ECF No. 59) of June 5, 2012 pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  Rule 59 governs motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). Here, there has been no trial and no grant of summary judgment, therefore this rule provides no basis for the Court to reconsider its Order granting the motion to dismiss.

Federal Rule of Civil Procedure 60, governing relief from a judgment or order, does provide a standard by which the Court might reconsider its Order:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

     Plaintiff argues that this Court should reconsider its Order, first alleging that the Court erroneously stated that the case *Griffin v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01034-PMP-RJJ (D. Nev. 2009) was dismissed with prejudice.  Plaintiff attaches copies of the docket entries for the September 14, 2009, order and the Clerk's Judgment, as well as a copy of the Clerk's Judgment itself, as Exhibit A to her motion.  Plaintiff does not attach a copy of the September 14, 2009, order itself.  In that order, the motion to dismiss was granted, and the Clerk of Court was directed to enter judgment "in favor of Defendants and against Plaintiff." (September 14, 2009 Order at 2, *Griffin v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01034-PMP-RJJ (D. Nev. 2009), ECF No. 31.)  Federal Rule of Civil Procedure 41(b) governs involuntary dismissal of actions and claims, and states that "[u]nless the dismissal order states otherwise, a dismissal under this sub-division (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Dismissal was not for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, and was therefore an adjudication on the merits.  Because "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice,'" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001), and the September 14, 2009, order did not state otherwise, that case was dismissed with prejudice, and the Court finds no error requiring reconsideration of its Order on this basis.

Plaintiff also requests reconsideration based on the Court's dismissal of her Complaint with prejudice, and without leave to amend. However, as stated in the Order, because the Court found that Plaintiff's claims are barred by the doctrine of res judicata and claim preclusion, the Complaint must be dismissed with prejudice. Accordingly, the Court finds no basis to reconsider on these grounds.

Plaintiff further requests reconsideration based on her allegation that the Court did not consider "the severe change in Nevada State law pursuant to AB 284 and the language specifically within concerning NRS 107.080, NRS 205.372." (Mot. to Reconsider, 7:14-15, ECF No. 61.) Nevada Assembly Bill 284 was effective as of October 1, 2011. A.B. 284, 76th Leg. (Nev. 2011). This legislation, as well as the remainder of Plaintiff's grounds for reconsideration were all addressed in the briefing and in Plaintiff's prior related actions. Accordingly, the Court does not find that the provisions of AB 284 or any other argument already presented to this Court provides any basis to alter its Order.

As to the Motion for Attorney Fees (ECF No. 63), the Court finds that because Plaintiff's Motion to Reconsider and her initiation of this action was not clearly made in bad faith, the requested amount of $10,694.50 in attorney fees will be denied. The Court will consider sanctions, however, if Plaintiff fails to comply with this Order or any other order of the Court.

### III. CONCLUSION

Having read and considered the parties' arguments for the Motion to Reconsider (ECF No. 61), and the remaining motions, and finding good cause,

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Attorney Fees (ECF No. 63) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Extend Time (ECF No. 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 73) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Order to Show Cause (ECF No. 76) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Request for Judicial Notice (ECF No. 82) is **GRANTED**.

**IT IS FURTHER ORDERED** that no further filings shall be accepted in this closed action without leave of the Court. If any party wishes to request leave to file, the requested document shall be attached to a motion explaining why good cause exists for the Court to give leave. Failure to comply with this Order will result in sanctions being imposed.

DATED this 16 day of January, 2013.

_____
Gloria M. Navarro
United States District Judge